IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTINE BURDUE, Executrix of the
estate of Stephan Hercher                                                             PLAINTIFF

v.                                    Case No. 2:14-cv-2173

INTERNATIONAL PAPER COMPANY                                                  DEFENDANT

**OPINION AND ORDER**

Before the Court are Plaintiff Christine Burdue's motion in limine (Doc. 38) and amended motion in limine (Doc. 41), Defendant International Paper Company's ("IP") motion in limine (Doc. 42), and the parties' responses and supporting documents (Docs. 39, 40, 45, and 46). Because Burdue's original motion in limine is substantively identical to her amended motion, except for the addition of a confirmation that she conferred with opposing counsel, the Court finds that the original motion in limine (Doc. 38) should be DENIED AS MOOT. The Court will take up the remaining motions in turn.

**I.     Burdue's Amended Motion in Limine[1]**

Burdue seeks to exclude evidence or testimony related to: (1) Hercher's personnel records prior to beginning employment with IP, i.e., pre-2008; (2) any audio recordings of Hercher; (3) Hercher's medical records from 2014 or later; (4) Hercher's state senate race; (5) Hercher's unemployment benefits; and (6) the circumstances surrounding Hercher's death. Burdue's primary basis for excluding these items is that they are either irrelevant pursuant to Federal Rule

---

[1] Although Burdue failed to file a supporting brief for either of her motions in limine pursuant to Local Rule 7.2(a), the Court has nevertheless considered them. Burdue's future failure to abide by applicable rules may result in the denial of requested relief on that basis alone.

of Evidence 401 or that their probative value would be substantially outweighed by the unfair prejudice caused by their introduction pursuant to Federal Rule of Evidence 403.

The Court declines to exclude any of the evidence or testimony identified by Burdue in advance of trial. While it is conceivable, and perhaps probable, that some of the evidence or testimony should ultimately be excluded, the Court finds it more appropriate to make a final determination on these matters if and when they are brought up during the trial. At that time the Court will be better able to judge the relevance and possible prejudice in the context of the evidence and testimony already received during the trial. Accordingly, Burdue's amended motion in limine (Doc. 41) is DENIED WITHOUT PREJUDICE to Burdue raising objections to the above-mentioned evidence and testimony if and when it is sought to be introduced at trial.

## II.     International Paper Company's Motion in Limine

### A.     Miscellaneous Requests to Exclude Evidence

IP requests that the Court exclude any and all evidence of or related to: (1) claims other than Hercher's Americans with Disabilities Act ("ADA") claim, as well as evidence related to punitive or liquidated damages; (2) the availability of part-time or light duty work at IP; (3) hearsay statements; (4) conduct of non-decision-makers at IP. Each of these requests seek blanket rulings excluding unidentified testimony. IP's arguments in support tend to list one or more reasons that such evidence may possibly be excluded if offered for a purported purpose. However, at this time the Court has no way of concluding exactly what the purpose of certain testimony or evidence may be, or what its relevance may be in light of evidence to be received at trial. Therefore, the Court declines to make any final ruling at this time, and will instead address the admissibility of the types of evidence identified above if and when they are sought to be introduced at trial.

B.     **Information from Arkansas Department of Workforce Services**

Burdue's pretrial disclosure sheet lists a "Workforce services claimant statement" (Doc. 48-2, ¶ 33) and a "Determination ltr of Workforce services 11/27/12" (Doc. 48-2, ¶ 37) as exhibits she intends to offer into evidence. IP requests that the Court exclude any documents obtained from the Arkansas Department of Workforce Services because they are privileged pursuant to Ark. Code Ann. §§ 11-10-314(a)(1), (a)(2)(A). Section 11-10-314(a)(1) provides that "information obtained by the Director of the Department of Workforce Services from any employing unit or individual . . . and any determination as to the rights or status of any employer or individual made by the director shall be held confidential and shall be protected by government privilege." Furthermore, "The information shall not be used in any action or proceeding before any court . . . unless the Department of Workforce Services is a party, a real party in interest, or a complainant therein or unless the litigation involves criminal actions brought under provisions of this chapter." Ark. Code Ann. § 11-10-314(a)(2)(A). Burdue's response to IP's motion does not contest that her proposed exhibits are subject to the statute preventing their use at trial, but instead simply recites why she intends to offer those particular exhibits. The exhibits appear to be protected from use at trial pursuant to Ark. Code. Ann. § 11-10-314(a)(2)(A). Moreover, the Department of Workforce Services is neither a party, real party in interest, or complainant, and the litigation does not involve criminal actions. Accordingly, the exhibits obtained from the Department of Workforce Services listed above will be excluded from trial.

C.     **Similarly Situated Individuals**

IP also seeks to exclude any evidence or testimony regarding the treatment of other unknown, undisclosed truck drivers, and any other individuals who were not similarly situated to Hercher. IP takes particular issue with the introduction of evidence or testimony regarding IP's

red card attendance policy as it relates to employees other than Hercher. This kind of evidence would purportedly be offered to show that instances of disparate treatment support Hercher's claim that the reasons given by IP for his termination were a pretext for discrimination. In order to make that kind of a showing, Burdue would bear the burden to prove that Hercher and those treated more favorably were "similarly situated in all relevant respects—a rigorous standard at the pretext stage." *Onyiah v. St. Cloud State University*, 684 F.3d 711, 717 (8th Cir. 2012) (citation and internal quotations omitted). But the fact that Burdue may seek to offer evidence or testimony that, in the opinion of IP, would not meet that standard does not provide a sufficient basis for the Court to wholesale exclude such evidence or testimony at this time. The Court will instead make appropriate determinations as to the admissibility of evidence or testimony if and when it is offered at trial. In any event, it will remain Burdue's burden to demonstrate individuals used as comparators were similarly situated to Hercher.

### D.  Mitigation of Damages

IP next points out that Hercher admitted in deposition testimony that he did not apply for any other jobs because he believed that they were not as good as the job he was terminated from at IP. IP contends that this testimony establishes that Hercher did not mitigate his damages as required and that Burdue should therefore be precluded from presenting any further testimony or evidence suggesting that Hercher did mitigate his damages. In any case, "[t]he employer has the burden to prove that the individual did not mitigate his damages." *Chalfant v. Titan Dist., Inc.*, 475 F.3d 982, 992 (8th Cir. 2007) (citation omitted). "[T]he individual's efforts do not have to be successful but must represent an honest effort to find substantially equivalent work." *Id.* (citation omitted). The jury may reasonably find that Hercher did not mitigate his damages after his termination from IP. However, IP's circular reasoning—to not allow evidence

4

that Hercher mitigated his damages because they assert that he did not—is not a sufficient basis to completely deny Burdue the opportunity to present evidence and argument that Hercher mitigated his damages. Burdue may seek to offer whatever evidence or testimony she believes supports Hercher's mitigation of damages. IP can then object, if desired, and the Court will make a ruling on the admissibility of any such evidence at that time.

### E. Financial Condition of Parties

IP next asserts that evidence of the financial condition of the parties should be excluded because punitive damages are no longer at issue and because such evidence would otherwise be irrelevant. Burdue's response did not address this matter. The Court has already ruled that Burdue may not seek punitive damages on behalf of Hercher, so the financial condition of the parties would be irrelevant in that respect. (Doc. 44). The Court also cannot find any reason that the financial condition of either party would otherwise be relevant to deciding the triable issues. Accordingly, any such evidence will be excluded at trial.

### F. Hercher's Mental Health

IP seeks to exclude any reference by lay witnesses to any of Hercher's mental problems or damages Hercher suffered based on hypothetical scenarios. IP also points out that no expert witnesses have been identified to testify on behalf of mental injuries suffered by Hercher. In essence, IP is requesting that the Court follow the law in making sure that testimony has the proper foundation before being offered and is otherwise admissible under the Federal Rules of Evidence. The Court will do so. Still, the request as submitted by IP does not present a sufficient basis to exclude any evidence or testimony at this time.

### G. Front Pay & Short Term Disability

Finally, IP contends that the Court should exclude any testimony related to front pay or short term disability benefits. As to front pay, IP contends that it is a remedy left to the Court's sole discretion and thus should be excluded from consideration by the jury. While that may be true, it is not a sufficient basis for the Court to exclude any particular testimony at this juncture. As to short term disability benefits, IP argues that Hercher never applied for any such benefits and that Burdue should therefore be precluded from arguing that those benefits were denied to him. This is a matter better taken up at trial through objections to testimony, and through cross examination by IP's counsel, if and when such testimony is accepted.

### III. Conclusion

IT IS THEREFORE ORDERED that Burdue's motion in limine (Doc. 38) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Burdue's amended motion in limine is (Doc. 41) is DENIED WITHOUT PREJUDICE to Burdue raising objections to the evidence and testimony that is the subject of the motion if and when it is sought to be offered at trial.

IT IS FURTHER ORDERED that IP's motion in limine (Doc. 42) is GRANTED IN PART and DENIED IN PART. The motion granted insofar as the Court will exclude (1) any documents sought to be offered at trial that were obtained from the Arkansas Department of Workforce Services; and (2) evidence or testimony as to the financial condition of either party. In all other respects, IP's motion is DENIED WITHOUT PREJUDICE to IP raising the same objections to the evidence and testimony that is the subject of its motion if and when it is sought to be offered at trial.

IT IS SO ORDERED this 22nd day of February, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE